10-3882-ag
Kathaluwa Weligamage v. Holder

BIA
Abrams, IJ
A088 526 180

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of May, two thousand twelve.

PRESENT:
>        JOHN M. WALKER, JR.,
>        ROBERT D. SACK,
>        REENA RAGGI,
>             *Circuit Judges*.

_____

CHANDIMA ROSHAN DE SILV KATHALUWA
WELIGAMAGE,
>        *Petitioner*,

>        v.                                    10-3882-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:            Benjamin B. Xue, Esq., New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Jem C. Sponzo,

**Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Chandima Roshan De Silv Kathaluwa Weligamage, native and citizen of Sri Lanka, seeks review of an August 31, 2010 decision of the BIA affirming the April 6, 2009 decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chandima Roshan De Silv Kathaluwa Weligamage*, No. A088 526 180 (B.I.A. Aug. 31, 2010), *aff'g* No. A088 526 180 (Immig. Ct. N.Y.C. Apr. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review only the BIA's decision because, unlike the IJ, the BIA assumed Weligamage to be credible. *See Yahong Zheng v. Gonzales*, 409 F.3d 804, 809 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. §

2

1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008) (reviewing agency's factual findings under substantial evidence standard).

The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987); *accord Baba v. Holder*, 569 F.3d 79, 85 (2d Cir. 2009).  The harm or suffering must be inflicted in order to punish the individual for possessing a belief or characteristic the persecutor seeks to overcome, and inflicted either by the government or by persons or an organization that the government is unable or unwilling to control.  *See id.* at 222; *Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006).  "[A]n IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an otherwise credible applicant unless such evidence cannot be reasonably obtained."  *Chuilu Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009); *see* 8 U.S.C. § 1158(b)(1)(B)(ii).

3

The agency reasonably found that Weligamage's testimony alone, even if credible, was insufficiently persuasive or detailed to support his assertion that the harm he suffered and feared in Sri Lanka was inflicted by members of the United People's Freedom Alliance National Party ("UPF") because of his membership in and canvassing for the United National Party ("UNP"). *See Chuilu Liu*, 575 F.3d at 196–97. Moreover, as the agency found, the country conditions evidence in the record did not corroborate Weligamage's assertion that he was targeted on account of his membership in the UNP or that similarly situated individuals are targeted by members of the UPF. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000) (stating that corroboration "typically includes both evidence of general country conditions and evidence that substantiates the applicant's particular claims").

Moreover, although the agency overlooked an affidavit submitted by a friend of Weligamage at whose house Weligamage hid on two occasions, remand is unnecessary in this situation because a review of that affidavit reveals that it contains only the friend's account of Weligamage's subjective understanding of the situation, and no extrinsic evidence connecting the UPF to the attacks Weligamage

4

suffered. *See Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007) ("This Court will decline a remand as futile if we can confidently predict that the agency would reach the same decision absent the errors that were made." (internal quotation marks and citations omitted)).

In light of the above, the agency reasonably determined that Weligamage failed to demonstrate either past persecution or a well-founded fear of future persecution in Sri Lanka. *See* 8 C.F.R. § 1208.13(b) (setting forth bases for establishing eligibility for asylum). Additionally, the agency did not err in questioning the objective reasonableness of Weligamage's claimed fear of persecution in light of the fact that his father, who was also involved with the UNP, and sisters remain unharmed in Sri Lanka. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Accordingly, we find no error in the agency's determination that Weligamage failed to meet his burden of proof as to his claims for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 U.S.C. § 1231(b)(3)(C); *see also Chuilu Liu*, 575 F.3d at 198–99.

Finally, as Weligamage failed to demonstrate a likelihood of being persecuted, the agency did not err in

5

finding that he failed to establish his eligibility for CAT relief, where his claims were based on the same factual predicate and supported by the same evidence. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk